UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

JOHNNY DAVIS,             )
                           )
      Plaintiff,       )           Civil No. 08-184-ART
                           )
v.                      )
                           )      **MEMORANDUM OPINION**
UNITED STATES OF AMERICA,   )          **& ORDER**
                           )
      Defendant.     )

\*\*\* \*\*\* \*\*\* \*\*\*

The plaintiff, Johnny Davis, failed to provide expert testimony establishing that prison employees caused his injuries. Because Kentucky law requires expert testimony to prove causation in medical negligence cases, the Court granted the United States' motion for summary judgment. R. 53. Now Davis has come forward with the very evidence that he was lacking before. Granting him the slack that he is due as a *pro se* plaintiff, *see Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006), Davis has provided newly discovered evidence that justifies vacating the Court's Judgment. Therefore, the Court will grant Davis's motion to alter or amend the Court's Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. R. 55.

## BACKGROUND

This case has been around for a while. And because of this Order, it will be around for a while longer. What follows is a brief summary of the relevant procedural history.

Johnny Davis had cataract surgery on June 27, 2005, while he was incarcerated at the United States Penitentiary, Big Sandy ("USP Big Sandy"). The surgery and his recovery did not go well. Davis sustained serious injuries to his left eye. On September 19, 2008, Davis filed a

lawsuit against the United States, alleging that the negligence of his treating physicians—Drs. Tod Diffenbaugh and Russell Fry—as well as the negligence of Big Sandy medical staff caused his injuries. R. 1. The United States filed a motion for partial summary judgment on July 22, 2009, arguing that it could not be held liable for the negligence of Drs. Diffenbaugh and Fry under the Federal Tort Claims Act because the doctors were independent contractors. R. 26. In support of that motion, the United States submitted an affidavit from Sherry Slone, the Health Services Administrator at Big Sandy, and records showing payments that the prison had made to the doctors. Slone stated that both Fry and Diffenbaugh were independent contractors. Based on Slone's declaration, Magistrate Judge Edward Atkins recommended that the Court grant the United States' motion for partial summary judgment. R. 33. Davis did not object to Judge Atkins's Report and Recommendation, and the Court adopted it on October 20, 2009. R. 35.

The United States filed a second motion for summary judgment on January 11, 2010. R. 45. In this motion, the United States argued that Davis had failed to provide expert testimony establishing that the actions of Big Sandy medical staff caused his injuries, as required by Kentucky law. On June 25, 2010, Judge Atkins filed a Report and Recommendation in which he recommended that the Court grant the United States' motion for summary judgment. R. 50. The Court adopted Judge Atkins's recommended disposition, granted the United States' motion for summary judgment, R. 53, and entered Judgment in favor of the United States on August 20, 2010. R. 54.

Twenty-one days later, Davis filed a motion to alter or amend the Court's Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. R. 55. In that motion, Davis asks the Court

to set aside both Orders granting summary judgment in favor of the United States—the Order entered on October 20, 2009, granting the United States partial summary judgment because Drs. Fry and Diffenbaugh were independent contractors, and the Order entered on August 20, 2010, granting the United States summary judgment because of Davis's failure to provide expert testimony. Davis attached an affidavit from Dr. Diffenbaugh to his Rule 59(e) motion. R. 55, Attach. 2. Three days later, Davis filed a motion to amend his motion to include a declaration from Dr. Diffenbaugh, R. 56, which the Court granted, R. 57. A month later, Davis filed another motion to amend his Rule 59(e) motion, this time to add a declaration that he received from Dr. Fry. R. 60. That motion is still pending. Davis purportedly did not receive either Dr. Diffenbaugh's or Dr. Fry's declarations in time to submit them with his original motion.

## DISCUSSION

A court may alter or amend its judgment under Rule 59(e) based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). Davis invokes the second ground—newly discovered evidence—in an attempt to set aside the Court's Judgment. Davis attacks both (1) the Court's grant of partial summary judgment to the United States on the ground that Drs. Fry and Diffenbaugh were independent contractors, and (2) the Court's grant of summary judgment to the United States because Davis failed to provide expert testimony. For the following reasons, the Court will deny Davis's Rule 59(e) motion as to the first ground and grant it as to the second.

## I.    Independent Contractors

Davis first asks the Court to vacate its Order granting partial summary judgment to the United States on the ground that Drs. Fry and Diffenbaugh were independent contractors. Davis makes several arguments. First, he argues that the United States did not submit sufficient evidence establishing that Drs. Fry and Diffenbaugh were independent contractors. The United States submitted a declaration from Sherry Slone, the Big Sandy Health Services Administrator, who stated that the doctors were not Big Sandy employees but rather were independent contractors. The United States also submitted copies of purchase orders and health insurance claims forms showing the amounts that the BOP paid to Drs. Fry and Diffenbaugh for the services they performed. But Davis argues that the evidence was not sufficient because the United States never submitted actual *contracts* that were signed by Drs. Fry and Diffenbaugh establishing an independent contractor relationship. This argument fails because it is simply far too late. Davis should have made this argument as an objection to the Report and Recommendation that Judge Atkins filed on September 30, 2009. R. 33. Rule 72 of the Federal Rules of Civil Procedure required Davis to file any objections to Judge Atkins's Report and Recommendation within ten days of receiving a copy, and Judge Atkins specifically advised Davis that failure to object would result in waiver of any further appeal. R. 33 at 4. Davis did not file any objections, and therefore the Court adopted Judge Atkins's Report and Recommendation as the opinion of the Court. R. 35. Davis's current objection—which is essentially an attempt to reinterpret evidence that was already before the Court—is almost a year too late.

Next, Davis argues that two pieces of newly discovered evidence necessitate setting aside the Court's determination that Drs. Fry and Diffenbaugh were independent contractors. First, Davis has submitted a declaration from himself. In that declaration, Davis states that he spoke with Mr. J. Smith, a contract specialist at USP Big Sandy, who informed him that Dr. Diffenbaugh "was an employee at USP Big Sandy at one time years ago" and that Dr. Fry "was not under contract during . . . 2005." R. 55, Attach. 3. Assuming, without deciding, that Davis's declaration constitutes newly discovered evidence, it is inadmissible because it is hearsay. Fed. R. Evid. 802. And a party cannot use hearsay to create a genuine issue of material fact in order to defeat summary judgment. *See North Am. Speciality Ins. Co. v. Myers*, 111 F.3d 1273, 1283 (6th Cir. 1997).

The second piece of newly discovered evidence that Davis has submitted is an affidavit from Dr. Diffenbaugh. At the end of the typewritten affidavit, Dr. Diffenbaugh apparently hand wrote the following note: "Amend: . . . (2) I was not contracted at the time; the job was filled by me until it was to be placed up for bid by contractors." R. 55, Attach. 2. Although, for the reasons explained in the next section, Dr. Diffenbaugh's affidavit does qualify as newly discovered evidence, this single handwritten notation—submitted almost a year after the Court granted partial summary judgment to the United States—is not sufficient to reopen the Court's determination that Dr. Diffenbaugh was an independent contractor. Dr. Diffenbaugh did not say that Big Sandy actually employed him, nor did he specifically claim that he was not an independent contractor.

But Dr. Diffenbaugh's notation, while not enough to reopen the case on this issue at this time, does present at least the glimmer of the possibility that Dr. Diffenbaugh was not an independent contractor. The Court based its previous grant of summary judgment on the United States' representation and supporting evidence that Dr. Diffenbaugh was an independent contractor. If previously unavailable evidence exists that calls into question the United States' representation, Davis should be permitted to present that evidence to the Court. The Court will then decide whether the evidence justifies reopening the issue of Dr. Diffenbaugh's status as an independent contractor. To this end, the Court will assist Davis in locating a lawyer who may be willing to take his case on a contingency fee basis or on some other agreement between him and his lawyer. If, after consulting with Davis and reviewing the relevant evidence, the lawyer determines that there is a case to be made that Dr. Diffenbaugh was not an independent contractor and can present newly discovered evidence establishing that fact, the Court will entertain a new motion to set aside the Judgement on that ground.

Finally, Davis argues that the United States perpetrated fraud on the Court by submitting Sherry Slone's declaration stating that Drs. Fry and Diffenbaugh were independent contractors. Davis claims that Slone's declaration was false, and that the United States knew it was false. But the only competent evidence that Davis submits in support of his fraud claim is Dr. Diffenbaugh's affidavit, which Davis claims shows that Dr. Diffenbaugh was not an independent contractor. For the reasons explained above, that lone piece of newly discovered evidence does not justify reopening Davis's case on the independent contractor issue at this time. And it certainly does not demonstrate that the United States knowingly submitted false evidence to the

Court.  Accordingly, the Court will deny Davis's Rule 59(e) motion to set aside the Court's determination that Drs. Fry and Diffenbaugh were independent contractors.

## II.     Expert Testimony Establishing Causation

The Court granted the United States' second motion for summary judgment on August 20, 2010, because Davis failed to provide expert testimony demonstrating that the negligence of Big Sandy employees caused his injuries.  R. 53.  Davis brought his claims under the Federal Tort Claims Act ("FTCA"), which conditions the United States' liability for the torts of its employees on the law of the state where the tort occurs.  Because the alleged negligence took place at USP Big Sandy in Inez, Kentucky, the Court applied Kentucky law to Davis's claims. *See Rayonier Inc. v. United States*, 352 U.S. 315, 318 (1957).

Kentucky law requires a plaintiff in a medical negligence case to provide expert testimony to establish causation.  *See Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. Ct. App. 2006) ("Except in limited factual circumstances . . . the plaintiff in a medical negligence case is required to present expert testimony that establishes . . . that the alleged negligence proximately caused the injury.").  Davis's failure to provide expert testimony necessitated granting summary judgment to the United States.  *Id.* ("[I]n a medical negligence case in which a medical expert is required, the plaintiff must produce expert evidence or summary judgment is proper.").  But now Davis has provided the very expert testimony that Kentucky law requires and that he was missing before.  The declarations from Drs. Fry and Diffenbaugh both state that medical staff at Big Sandy aggravated Davis's injury by delaying his medical treatment.  R. 55, Attach. 9; R.

60, Attach. 1. If Davis had provided these declarations before, he would have survived the United States' motion for summary judgment.

The question, however, is whether the doctors' declarations are properly before the Court now. The Court can only grant Davis's Rule 59(e) motion and vacate its Judgment if the declarations are "newly discovered evidence." *Leisure Caviar*, 616 F.3d at 615. "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Evidence is 'unavailable,' so as to justify its late submission by way of a motion under Rule 59(e), only if it could not, in the exercise of reasonable diligence, have been submitted before." *Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1191 (W.D. Mich. 1995). As Davis explains, he had some difficulty locating Drs. Fry and Diffenbaugh. He is a prisoner, and his opportunities to conduct research and correspond with the outside world are circumscribed. *See Moore v. Knight*, 368 F.3d 936, 940 (7th Cir. 2004) ("[A] due diligence inquiry should take into account that prisoners are limited by their physical confinement."). For the same reason that the Court holds pleadings drafted by *pro se* parties to less stringent standards than pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court will grant Davis some slack and assume that he could not have previously obtained the declarations from Drs. Fry and Diffenbaugh through the exercise of reasonable diligence. Therefore, the declarations are newly discovered evidence. And they create a genuine issue of material fact as to whether the negligence of Big Sandy medical staff caused Davis's injuries. Accordingly, the Court will grant Davis's Rule 59(e) motion, vacate its grant of summary judgment to the United States, and reopen the case.

## CONCLUSION

For these reasons, it is **ORDERED** as follows:

(1) Davis's motion to amend his Rule 59(e) motion, R. 60, is **GRANTED**. The declaration of Dr. Russell Fry, which Davis tendered as an attachment to that motion, shall be entered into the record.

(2) Davis's motion for leave to file a reply memorandum in excess of fifteen pages, R. 64, is **GRANTED**.

(3) Davis's motion to alter or amend the Court's Judgment under Rule 59(e), R. 55, is **GRANTED IN PART** and **DENIED IN PART**. Davis's motion to set aside the Court's grant of summary judgment to the United States on the ground that Drs. Fry and Diffenbaugh were independent contractors is **DENIED**. Davis's motion to set aside the Court's grant of summary judgment to the United States on the ground that Davis failed to provide expert testimony, as required by Kentucky law, is **GRANTED**.

(4) The Memorandum Opinion and Order, R. 53, and the Judgment, R. 54, entered on August 20, 2010, are **VACATED**.

(5) This case shall be **REINSTATED** to the Court's active docket.

(6) The Court will assist Davis in locating a lawyer who may be willing to represent him on a contingency fee basis or other basis that he may be willing to work out with this prospective lawyer.

(7) If Davis is able to secure a lawyer, that lawyer shall file a notice of appearance with the Court. After the lawyer files a notice of appearance,

the Court will schedule a telephonic status conference. If Davis is not able to secure a lawyer by **January 31, 2011**, the Court will set further dates and deadlines, including a trial date, at that time. The Clerk of the Court shall submit this matter to the undersigned for review on January 31, 2011, if no lawyer has entered a notice of appearance by that date.

This the 3rd day of December, 2010.

Signed By:

*Amul R. Thapar*

**United States District Judge**